**CT Corporation**

**Service of Process Transmittal**
01/08/2020
CT Log Number 536940963

**TO:**  Jennifer Lauro
The Hanover Insurance Group
N-430, 440 Lincoln St
Worcester, MA 01653-0002

**RE:**  **Process Served in Texas**

**FOR:**  Nova Casualty Company  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TEXAS FRIENDS OF CHABAD-LUBAVITCH, INC., PLTF. vs. NOVA CASUALTY COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | HARRIS COUNTY - DISTRICT COURT, TX<br>Case # 202000966 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2020 at 14:56 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | HUNTER M. KLEIN<br>440 Louisiana St., Suite 1900<br>Houston, TX 77002<br>(713) 654-9222 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/08/2020, Expected Purge Date: 01/13/2020<br><br>Image SOP<br><br>Email Notification,  Service of Process  ogclitmail@hanover.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A to NOR

Receipt Number: 874908
Tracking Number: 73711471

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202000966

| | |
|---|---|
| PLAINTIFF:  TEXAS  FRIENDS  OF  CHABAD-LUBAVITCH,  INC. | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: NOVA CASUALTY COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NOVA CASUALTY COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201-3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on January 7, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 8, 2020.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHANCESAS OUGRAH

Issued at request of:
KLEIN, HUNTER MILAM
440 LOUISIANA STREET SUTIE 1930
HOUSTON, TX  77002
713-654-9222

Bar Number: 24082117

1/7/2020 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39751800
By: C Ougrah
Filed: 1/7/2020 4:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **TEXAS FRIENDS OF CHABAD-** | § | **IN THE DISTRICT COURT OF** |
| **LUBAVITCH, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NOVA CASUALTY COMPANY,** | § | |
| *Defendant.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Texas Friends of Chabad-Lubavitch, Inc. (hereinafter referred to as "Chabad" or "Plaintiff"), complaining of Nova Casualty Company (hereinafter referred to as "Nova" or "Defendant") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.    Plaintiff is a Texas non-profit corporation operating as a Jewish education, outreach, and social services program to the community in Harris County, Texas.

3.    Defendant Nova Casualty Company is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served through their registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.     The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.     Plaintiff seeks monetary relief exceeding $2,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.     The court has jurisdiction over Defendant Nova because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.     Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.     Defendant has been provided, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to TEX.INS. CODE § 542A.003. Plaintiff has received a copy of such notice.

9.     All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

10.     Plaintiff is a non-profit organization that operating as a Jewish education, outreach, and social services program. Plaintiff's property is located at 10900 Fondren Road, Houston, Texas 77096 (hereinafter referred to as the "Property"). Plaintiff is the owner of this Property.

11.     The Property was insured by insurance policy number CF1-ML-10001305-00, issued by Defendant Nova (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

12.     On or about August 30, 2017, or another time when the Policy was in effect, a severe hurricane moved through the area, namely Hurricane Harvey, and caused substantial damage to Plaintiff's Property. These damages constituted a covered loss under the Policy. After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim (claim no. 19-00087854) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

13.     After receiving notice of the loss, Defendant began its investigation. Defendant's investigation failed to incorporate numerous areas of covered losses and grossly undervalued the damages at the Property. The storm-caused damages at the Property were, or should have been, known to Defendant from the outset of its investigation, yet Defendant overlooked numerous areas of covered losses in an effort to avoid payment for the Claim as owed under the Policy.

14.     These were misrepresentations about the covered losses that Defendant relied on in the denial of Plaintiff's Claim.

15.     Defendant sent a denial letter to Plaintiff on approximately January 8, 2018. Defendant misrepresented the actual damages by claiming that they were a result of either water seepage, surface water, earth movement, settlement, and/or cracking. These are all excluded under the Policy.

16.     In a letter dated January 10, 2018, Defendant cited near identical Policy exclusions as their January 8, 2018 letter and relied on identical misrepresentations as a basis for their allegation that there was no mold, fungus, or mildew at the Property that would provide coverage under the Policy.

17.     Defendant relied on these misrepresentations about the damages and the applicable policy provisions in the wrongful denial of Plaintiff's Claim.

18.     Defendant claimed that they did in fact find some storm-caused damage to the Property's fencing only, despite finding no other storm-damage elsewhere. However, Defendant grossly undervalued these damages as well and claimed they were below the Policy's deductible, thus allowing Defendant to avoid payment as owed under the Policy.

19.     The Property's damages from Hurricane Harvey were, or should have been, obvious to Defendant from the outset of their investigation. The Property sustained severe storm-caused damage as a result of the major hurricane event that hit the area, The Property's apartments and other buildings including the synagogue suffered damage as a result. Despite the storm-caused damages, Defendant misrepresented the damages and relied on these misrepresentations in the wrongful denial of Plaintiff's Claim.

20.     Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.

Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

21.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper investigation and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

22.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence a proper and timely investigation of the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant failed to use impartial adjusters and inspectors to conduct investigations of the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

23.     Defendant failed to provide a proper explanation to Plaintiff the reasons for their offer of an inadequate settlement and denial. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

24.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claims, in writing from Defendant. Defendant continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

25.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Further, Defendant refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent of damages at the Property. Defendant ignored these reports and continued to rely on misrepresentations about the date of the Storm and subsequent Storm and covered perils under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

26.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

27.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

28.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for

Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

29.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

31.     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

### VII.
### CAUSES OF ACTION AGAINST DEFENDANT NOVA

32.     Defendant Nova Casualty Company is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

33.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.     Breach of Contract.

34.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the

Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

35.    The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

36.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

37.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

38.    Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

39.    Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to

Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

40.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

41.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

42.     The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim. Further, Defendant failed to request specific information from Plaintiff despite the reasonable belief that the information would be required for their Claim investigation.;

b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Specifically, Defendant's adjuster inspected the Property on approximately November 21, 2017 yet delayed providing Plaintiff with a claim decision until approximately June 8, 2018 without a proper explanation for this delay; and/or by

c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of

time provided by TEX. INS. CODE §542.058. Specifically, Defendant has failed to provide any payment to Plaintiff as owed under the Policy. To date, Defendant has not paid Plaintiff any and all amounts owed under the Policy and continues to delay payment past the time constraints provided under the Texas Insurance Code.

43.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

44.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### KNOWLEDGE

45.     Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### IX.
### DAMAGES

46.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

48.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

49.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is

entitled to the amount of Plaintiff's claim, penalty interest per annum (calculated by adding five

(5) percent to the current interest rate as determined by the Board of Governors of the Federal

Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees.

TEX.INS.CODE §542.060.

50.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages; including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, exemplary damages and damages for emotional distress.

51.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage

the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

## X.
## JURY DEMAND

52.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

53.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose

the information or material described in Rule 194.2.

## XII.
## PRAYER

54.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof,

Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in

accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:     */s/   Hunter M. Klein*
        HUNTER M. KLEIN
        State Bar No.: 24082117
        klein@greentriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com
        440 Louisiana St., Suite 1900
        Houston, Texas 77002
        (713) 654-9222 - Telephone
        (713) 654-52155 - Fax

1/7/2020 4:25:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39751800
By: Ougrah, Chanceass
Filed: 1/7/2020 4:25:28 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition _____

FILE DATE: January 7, 2020 _____   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:**  Nova Casualty Company _____

Address of Service:  c/o CT Corporation System, 1999 Bryan Street, Suite 900 _____

City, State & Zip: Dallas, Texas 75201-3136 _____

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** | | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Hunter M. Klein _____   Bar # or ID  24082117

Mailing Address: 440 Louisiana, #1900, Houston, TX 77002

Phone Number: 713-654-9222

1/7/2020 4:25:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39751800
By: Ougrah, Chancesas
Filed: 1/7/2020 4:25:28 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   Texas Friends of Chabad-Lubavitch, Inc. v. Nova Casualty Company
*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Hunter M. Klein   **Email:** klein@greentriallaw.com | **Plaintiff(s)/Petitioner(s):** Texas Friends of Chabad-Lubavitch, Inc. | ☒ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: |
| **Address:** 440 Louisiana St., Ste. 1900   **Telephone:** 713-654-9222 | **Defendant(s)/Respondent(s):** Nova Casualty Company | Additional Parties in Child Support Case:  **Custodial Parent:** |
| **City/State/Zip:** Houston, TX 77002   **Fax:** 713-654-2155 | | **Non-Custodial Parent:** |
| **Signature:**   **State Bar No:** 24082117 | *(Attach additional page as necessary to list all parties)* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | **Title IV-D** |
| ☒ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Enforcement/Modification |
| breach of contract and other claims | ☐ Legal | ☐ Other Property: | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Support Order |
| ☐ Other Foreclosure | Liability | **Related to Criminal** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | | **Matters** | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Expunction | Judgment | Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability | ☐ Writ of Habeas Corpus— | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | List Product: | Pre-indictment | of Minority | ☐ Grandparent Access |
| | | ☐ Other: | ☐ Other: | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: | | |
| | ☐ Intellectual Property | | | |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* |
| ☐ Tax Delinquency | ☐ Dependent Administration   ☐ Guardianship—Adult |
| ☐ Other Tax | ☐ Independent Administration   ☐ Guardianship—Minor |
| | ☐ Other Estate Proceedings   ☐ Mental Health |
| | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000